IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01715–PAB–KMT


PATRICE KAHN, individually and on behalf of
ONE TWENTY FINANCIAL SERVICES, INC., a Missouri corporation, and
FARRELL KAHN,

     Plaintiffs,

v.

LESLIE DAVIS, and
ONE TWENTY FINANCIAL SERVICES, a Missouri corporation,

     Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiffs' Motion to Modify Scheduling Order Entered on October 21, 2010, and Modified April 4, 2011" [Doc. No. 55] seeking to extend discovery deadlines for a period of three months.  "Defendants' Response to Plaintiffs' July 27, 2011 Motion to Modify Scheduling Order" was filed on August 5, 2011, assenting in part to a one month extension of deadlines, but objecting to the three months proposed by Plaintiffs.

The court notes that this case, although over a year old, is not yet at issue.  Leslie Davis' Motion to Dismiss [Doc. No. 16] filed on October 4, 2010, and One Twenty Financial Services, Inc.'s Motion to Dismiss [Doc. No. 30] filed on November 5, 2010, are both currently pending, and an Answer has not been filed by Defendants.  It appears likely that the Defendants will assert counterclaims in the case if unsuccessful on the motions to dismiss.  [Doc. No. 58.]  This court

has refused to stay the proceedings [Minutes, Doc. No. 20] and the parties have moved forward

with discovery, including retention and disclosure of affirmative experts.  (Resp. at 1-2.)

Defendants argue that extending the rebuttal expert disclosure deadline for three months

would provide the plaintiffs with an unfair advantage because they learned, through Defendants'

expert, that their damages expert witness is inadequate.  In seeking a three month extension of

the rebuttal expert disclosure deadline, Defendants argue that Plaintiffs would have time to

prepare, as "rebuttal," an expert who should have been prepared and disclosed as an affirmative

expert.

The court disagrees with this analysis.  Plaintiff's affirmative expert, Sheri Vail, claims to

show that Defendants owe Plaintiffs $4,200,000.00.  (Mot. at 2.)  Defendant's expert, Thomas E.

Hilton, claims that Plaintiffs actually owe the defendants over $900,000.00.  (Resp., Ex. B,

Attach 1 at 8).  As a rebuttal witness, Defendants have chosen to again use Mr. Hilton, who

attacks Ms. Vail's calculations and continues to the same conclusion reached in the affirmative

expert report.  (Resp., Ex. C)  In contrast, Plaintiffs have chosen to rebut Mr. Hilton's initial

expert report with a different expert, Peter Schulman.  (Mot. at 2.)  There is nothing improper

with proceeding with different experts.  However, due to the volume of the material relied upon

by Defendants' expert (*see, e.g.*, Resp., Exh. B, Attach 1at 9-10, incorporating the expert's

review and analysis of documents and evidence dating as far back as 1984), Mr. Schulman has

advised he will need approximately three months to prepare a rebuttal to Mr. Hilton's initial

report.  (Mot. at 2.)

Plaintiffs provided Ms. Vail's affirmative expert report to Defendants on April 1, 2011, in compliance with an earlier Scheduling Order deadline, allowing the defendants approximately three months to prepare and disclose its own affirmative expert and four months to prepare and disclose the same expert in rebuttal.  (Resp. at 2.)  The defendants' expert received the benefit of having the expert deadlines extended at that juncture, while the plaintiffs received the disadvantage of early expert disclosure.  [Minute Order, Doc. No. 45, April 4, 2011.]  In Mr. Hilton's initial report, he had the benefit of knowing how Ms. Vail arrived at her calculations – information to which he would not have been privy had the reports been exchanged simultaneously.  Defendants now argue against Plaintiffs receiving the *exact same benefit* for the rebuttal deadlines when confronted with the same set of considerations and the same pending motions.  The proverbial goose and gander being what they are, the benefit conferred at this point to Plaintiffs, who were disadvantaged on the front end of expert disclosure, is certainly fair and just, especially when viewed in light of the posture of the case.

Wherefore, it is ORDERED

"Plaintiffs' Motion to Modify Scheduling Order Entered on October 21, 2010, and Modified April 4, 2011" [Doc. No. 55] is GRANTED.  The Scheduling Order and deadlines are amended as follows:

| | |
|---|---|
| Plaintiff rebuttal expert disclosures | October 31, 2011 |
| Discovery Cut-off | December 15, 2011 |
| Dispositive Motions Deadline | January 15, 2012 |

It is further ORDERED

The final pretrial conference set for November 30, 2011 at 9:30 a.m. is VACATED.  The

final pretrial conference is reset to **April 12, 2012, at 9:45 a.m.**

Dated this 8th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge