IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01715-PAB-KMT

PATRICE KAHN, individually and on behalf of One Twenty Financial Services, Inc., a Missouri corporation, and
FARRELL KAHN,

    Plaintiffs,

v.

LESLIE DAVIS and
ONE TWENTY FINANCIAL SERVICES, a Missouri corporation,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendants Leslie Davis' and One Twenty Financial Services, Inc.'s motions to dismiss [Docket Nos. 16, 30] pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, based on diversity of citizenship among the parties.

## I. BACKGROUND[1]

This case arises out of a dispute between Patrice and Farrell Kahn, citizens of Colorado, and Leslie Davis, a citizen of Missouri, over the management of One Twenty Financial Services, Inc. ("One Twenty"), a Missouri corporation. The amended complaint [Docket No. 13] alleges that Mr. Kahn and Mr. Davis formed One Twenty with

---

[1] The following facts have not been disputed by the parties for purposes of the motions to dismiss.

Mr. Kahn and Mr. Davis as equal shareholders. According to Mr. Kahn's affidavit [Docket No. 27-1], attached in response to Mr. Davis' motion to dismiss, the company was formed in the late 1980s after Mr. Davis called Mr. Kahn in Colorado to discuss business opportunities. The two decided that Mr. Davis would be the company's chief operating officer and Mr. Kahn would acquire oil and gas properties for the company as investments. In the years following the company's formation, Mr. Kahn acquired several properties for the company. Although the properties were all located outside the state of Colorado, Mr. Kahn did much of the work required for the acquisition of the properties in Colorado. Mr. Kahn and Mr. Davis were in touch by phone about the company frequently in the first years after its creation. Since One Twenty was formed, Mr. Davis never visited Colorado, other than for a trip in 1991 to attend Mr. Kahn's wedding to Mrs. Kahn. *See* Affidavit of Leslie Davis, Docket No. 30-1, at 2. Sometime later, Mr. Kahn requested his interest in the company be transferred to his wife. At all times, Mr. Davis and One Twenty's books and accounts were located in Missouri.

Over the years, Mr. Davis sent distribution checks to the Kahns at their home in Colorado. At some point, Mr. Davis allegedly stopped making distributions, claiming that the corporation was without funds. The Kahns claim that Mr. Davis lied to them about the company's profits. According to plaintiffs, Mr. Davis made improper distributions from company funds for his personal use and failed to maintain One Twenty's books and accounts properly.

## II. ANALYSIS

Defendant Davis seeks dismissal on the grounds that the Court does not have personal jurisdiction over him, plaintiff Farrell Kahn lacks standing, and Colorado is not

a proper venue for plaintiffs' lawsuit. Defendant One Twenty also seeks dismissal on the grounds that the Court does not have personal jurisdiction over it.

"A court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Although personal jurisdiction "is typically decided in advance of venue . . . neither personal jurisdiction nor venue is fundamentally preliminary . . . Accordingly, when there is a sound prudential justification for doing so . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979). A sound prudential justification exists here. The defendants' personal jurisdiction argument raises difficult issues. However, the Court concludes that the District of Colorado is not the proper venue for this suit. *See id.* (avoiding the "more difficult" question of personal jurisdiction where it was "so clear that venue was improper"). *Id.* at 181. Moreover, the Court may transfer this case to a jurisdiction with proper venue pursuant to 28 U.S.C. § 1406(a) regardless of whether or not defendants are subject to personal jurisdiction in Colorado. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

## A. Propriety of Venue under 28 U.S.C. § 1391(a)(2)

Plaintiffs allege that venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the District. *See* Docket No. 13 at 2. Under this provision, which applies to cases where jurisdiction is based on diversity of citizenship, venue is not limited to the district where the majority of the events or omissions occurred. Rather, § 1391(a)(2) "contemplates that venue can be appropriate in more than one district . . . [and] permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165-66 (10th Cir. 2010) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)). Once venue is challenged, it is the plaintiff's burden to show that venue is proper in the forum district. *See Gwynn v. TransCor America, Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998). A court conducts a two-part analysis when reviewing challenges to venue under § 1391(a)(2). First, it "examine[s] the nature of the plaintiff's claims and the acts or omissions underlying those claims." *Employers Mut. Cas. Co.,* 618 F.3d at 1166. Second, it "determine[s] whether substantial 'events material to those claims occurred' in the forum district." *Id.* (quoting *Gulf Ins.*, 417 F.3d at 357). Defendants argue that this analysis should focus on the actions of defendants rather than plaintiffs; however, the Tenth Circuit has declined to hold that the venue inquiry is necessarily limited to the defendant's actions. *See id.* at 1166 n.11.

Plaintiffs bring claims for breach of fiduciary duty, conversion, fraud, accounting, and inspection of books. Plaintiffs' claims for breach of fiduciary duty and conversion are brought alternatively as individual claims and derivative claims. Specifically, plaintiffs allege that Mr. Davis borrowed money in One Twenty's name and acquired assets for the company that were not properly recorded in its books, distributed money from the company to himself for personal uses, failed to ensure that the company complied with tax regulations, misled plaintiffs as to the company's performance, and failed to make distributions due to plaintiffs as shareholders of the company.

Plaintiffs' claims are all based on wrongful conduct committed by Mr. Davis in the state of Missouri. *See Fodor v. Hartman*, No. 05-CV-02539-PSF-BNB, 2006 WL 1488894 at *4 (D. Colo. May 30, 2006) (venue not proper in Colorado where torts of fraudulent misrepresentation, concealment, negligent misrepresentation, breach of fiduciary duty, conversion, and civil theft were allegedly committed out of state). Some of Mr. Davis' misrepresentations were allegedly directed at plaintiffs in Colorado. However, "[w]hen misrepresentations are the underlying events of a litigation, courts generally look to the place where the misrepresentations were made, not the place where they were received or relied upon, to determine where the underlying events occurred." *Gemini Investors III, L.P. v. RSG, Inc.*, 2009 WL 776740 at *2 (D. Minn. Mar. 20, 2009) (collecting cases). Although the "place where the harms were felt" can also be relevant to the venue analysis for tort claims, plaintiffs only suffered economic harm in the state of Colorado and "[m]ost courts have found that the suffering of economic harm within a district is not sufficient without more to warrant transactional venue in that district." Charles Alan Wright et al., Federal Practice & Procedure § 3806.1 (2010).

5

Beyond the economic harm suffered by the Kahns in Colorado, the facts central to this dispute all occurred in Missouri. That Mr. Kahn conducted business on behalf of One Twenty in Colorado during its early years or that Mr. Davis contacted Mr. Kahn in Colorado to form the company are facts only tangentially related to plaintiffs' current claims and, therefore, insubstantial for purposes of determining proper venue. *See Fodor*, 2006 WL 1488894 at *4 ("test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim'"). Therefore, the Court finds that a substantial part of the events or omissions giving rise to the claims did not occur in Colorado and, thus, venue in this District is improper. *See* 28 U.S.C. § 1391(a)(2).

### B. Transfer or Dismissal Under 28 U.S.C. § 1406(a).

Title 28, section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Factors favoring transfer over dismissal include whether the plaintiff's claims would be time-barred if brought in an appropriate forum, whether the claims are likely to have merit, and whether the plaintiff realized or should have realized that the forum in which he filed was improper. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006). Although the parties have addressed whether the case should be transferred to Missouri pursuant to 28 U.S.C. § 1404(a), which allows for transfer based on the convenience of parties and witnesses, they have not addressed the factors related to a transfer of venue in the interest of justice under § 1406(a), as outlined in

*Trujillo*. *See id.* Therefore, the Court will order briefing on whether this matter should be dismissed without prejudice or be transferred.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that on or before **September 26, 2011**, the parties shall file briefs no longer than five pages addressing whether this matter should be transferred in the interests of justice and, if so, to which district it should be transferred.

DATED September 14, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge