IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01715-PAB-KMT

PATRICE KAHN, individually and on behalf of One Twenty Financial Services, Inc., a Missouri corporation, and
FARRELL KAHN,

    Plaintiffs,

v.

LESLIE DAVIS and
ONE TWENTY FINANCIAL SERVICES, a Missouri corporation,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the motions to dismiss of defendants Leslie Davis and One Twenty Financial Services, Inc. [Docket Nos. 16, 30] pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).  In a September 14, 2011 Order on such motions, the Court concluded that venue in this District is improper.  *See* Docket No. 71 at 6 (citing 28 U.S.C. § 1391(a)(2)).  The Court, however, noted that the parties had only addressed whether the case should be transferred pursuant to 28 U.S.C. § 1404(a), but not § 1406(a).  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  The Court, therefore, ordered the parties to file additional briefing on whether the case should be dismissed without prejudice or transferred.  *See* Docket No.

71 at 7. Defendant Leslie Davis and plaintiffs share the view that a transfer to the Eastern District of Missouri is in the interests of justice, *see* Docket Nos. 72, 76,[1] and defendant One Twenty Financial Services has not filed any response to the Court's September 14 Order.

"Whether to transfer an action or instead to dismiss the action without prejudice is a decision committed to the discretion of the district court." *Murray v. Jewell County, Kan.*, No. 11-cv-00596-DME-KMT, 2011 WL 2601528, at *3 (D. Colo. June 30, 2011) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)). In the exercise of that discretion, and in light of the parties' consent, the Court concludes that transferring this case to the United States District Court for the Eastern District of Missouri is in the interests of justice. *See Reyna v. Shoop*, 2008 WL 4601718, at *3 (W.D. Mo. Oct. 15, 2008) ("'Transfer is preferred to the harsh remedy of dismissal because it avoids any statute of limitations problems and the necessity of filing and serving a new action.'") (citation omitted); *Concrete Industries, Inc. v. Dobson Bros. Const. Co.*, 2007 WL 1455979, at *4 (D. Kan. May 17, 2007) ("While both dismissal and transfer are available under 28 U.S.C. § 1406(a), transfer is the preferred course."); *see also* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827 (3d ed. 2011) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.").

Therefore, and for the reasons discussed in the Court's September 14, 2011 order [Docket No. 71], it is

---

[1] Defendant Davis again cites only 28 U.S.C. § 1404(a).

**ORDERED** that defendant Leslie Davis' motion to dismiss [Docket No. 16] is GRANTED in part and DENIED as moot in part.  It is further

**ORDERED** that defendant One Twenty Financial Services, Inc.'s motion to dismiss [Docket No. 30] is DENIED as moot.  It is further

**ORDERED** that this case shall be transferred to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a).

DATED September 29, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge